**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miah Ashton Hebrank,<br><br>Plaintiff,<br><br>v.<br><br>Early Warning Services LLC, et al.,<br><br>Defendants. | No. CV-24-03711-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant Early Warning Services, LLC's ("EWS") Motion to Dismiss (Doc. 15) Plaintiff Hebrank's Complaint. Having reviewed the Motion, and all papers filed in connection, the Court finds that the Motion is suitable for disposition without oral argument. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

**I.  BACKGROUND**

The following factual summary is taken from the allegations in the Complaint, which are presumed to be true for the purposes of assessing the pending motion. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

EWS is a company which disseminates information regarding customer credit history and other personal information, commonly known as a credit reporting agency ("CRA"). (Doc. 1 at 2.) In May 2023, Wells Fargo denied Hebrank's application to open a deposit account. (*Id*. at 10-11.) On February 20, 2024, PNC Bank closed Hebrank's PNC account. (*Id*. at 12.) Because of this, Hebrank obtained her EWS customer report on March

1  4, 2024. (*Id*.) Upon reviewing this report, Hebrank noticed a Regions Bank account with
2  an outstanding amount and a notation of "checking account fraud" and "account abuse."
3  (*Id*.)
4        Hebrank sent a written dispute to EWS regarding this report information on June
5  26, 2024. (*Id*. at 13.) EWS sent a letter to Hebrank on July 3, 2024, which describes the
6  procedures EWS uses to determine the accuracy of the information in a consumer report.
7  (*Id*. at 14-15.) Hebrank understood this letter as confirming that the information in EWS's
8  report was accurate. (Doc. 20 at 3.) Hebrank alleges that as of July 12 and 17, 2024, EWS
9  was still reporting the inaccurate information on the report. (Doc. 1 at 15, 18.) On July 17,
10 2024, Hebrank sent a second dispute letter to EWS. (*Id*. at 18.) Hebrank alleges that, "[a]s
11 of October 4, 2024, Defendant EWS removed the inaccurate notations." (*Id*. at 20.) On
12 December 27, 2024, Hebrank filed the Complaint, alleging violations under the Fair Credit
13 Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (Doc. 1.)
14       EWS filed the present Motion to Dismiss for failure to state a claim upon which
15 relief can be granted under Federal Rule of Civil Procedure 12(b)(6). EWS argues that (1)
16 Hebrank cannot state a § 1681i claim; (2) Hebrank cannot state a § 1681e claim; and (3)
17 Hebrank does not have an action generally because the information is not objectively and
18 readily verifiable.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotations and citation omitted).

A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Plausibility is more than mere possibility; a

plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations "are taken as true and construed in the light most favorable to the [plaintiff]." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (internal quotations and citation omitted).

### III.  DISCUSSION

EWS moves to dismiss the two claims Hebrank brings under the FCRA. The first claim pertains to EWS's "reinvestigation" of the disputed accuracy, pursuant to § 1681i. (Doc. 1 at 24-25.) The second claim pertains to EWS's compliance procedures in maintaining the accuracy of the initial report, pursuant to § 1681e. (Doc. 1 at 23-24.) EWS also argues that Hebrank does not have actionable FCRA claims generally because the report information is not objectively and readily verifiable. (Doc. 15 at 9-12.)

### A.  15 U.S.C. § 1681i

Section §1681i states, in pertinent part:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A). To state a claim under § 1681i, Hebrank must sufficiently allege the following: (1) she notified EWS of a disputed item of information; (2) EWS failed to reinvestigate and either record the current status of the disputed information or delete the disputed item from its files; (3) EWS's failure to reinvestigate was negligent or willful; and (4) EWS's failure to reinvestigate caused Hebrank's injuries. *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1098-99 (D. Ariz. 2003).

EWS argues that the Court should dismiss Hebrank's claim under § 1681i because

Hebrank cannot show that EWS failed to conduct a reinvestigation and resolve the dispute within 30 days. (Doc. 15 at 6-7.) EWS attaches two exhibits to its Motion: the July 12, 2024 disclosure (Doc. 23 at 17-41, Exh. 4) and the July 15, 2024 disclosure (Doc. 23 at 43-65), Exh. 5). According to EWS, the July 15 disclosure demonstrates that EWS conducted a reasonable reinvestigation, and the disputed information was no longer found on Hebrank's account by July 15. (Doc. 15 at 7.) Hebrank argues that the Court cannot consider these disclosures because they cannot be incorporated by reference into Hebrank's allegations. (Doc. 20 at 7.) EWS maintains that these disclosures should be incorporated because they are documents Hebrank must "reference" and "directly discuss" in her allegations. (Doc. 21 at 3.)

Generally, courts must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). But the Ninth Circuit provides exceptions where it may examine additional documents under the incorporation by reference doctrine. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("Our approach is permissible under the 'incorporation by reference' doctrine, which permits us to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'") (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999)).

The exception does not apply here. In *Chavarria v. Equifax Info. Sols. LLC*, the defendant filed a motion to dismiss the §§ 1681i and 1681e claims and sought to include credit reports in its motion. No. CV-19-02664-PHX-SRB, 2019 WL 13195254, at *2 (D. Ariz. Oct. 23, 2019). The court declined to incorporate these reports because the plaintiffs "do not reference or rely on" them, and it was inappropriate for the court to resolve factual

- 4 -

disputes regarding the documents at the motion to dismiss stage. *Id*. at *3. As compelling as EWS's July 15 disclosure appears, the Court cannot consider it without converting EWS's Motion to Dismiss to a summary judgment motion, which it does not find prudent at this stage in the litigation.

Hebrank alleges that "[a]s of October 4, 2024, Defendant EWS removed the inaccurate notations" and EWS failed to "delete the disputed information, before the end of the 30-day period." (Doc. 1 at 20, 25.) Because Hebrank adequately alleges that EWS failed to conduct a reinvestigation and resolve the dispute within 30 days, her § 1681i claim survives dismissal. *Lovelace v. Equifax Info. Servs. LLC*, No. CV-18-04080-PHX-DWL, 2019 WL 2410800, at *6 (D. Ariz. June 7, 2019); *see also Neill v. Experian Info. Sols., Inc.*, No. CV-16-04326-PHX-JJT, 2017 WL 3838671, at *3 (D. Ariz. Sep. 1, 2017) ("Though the Court notes that Plaintiff's allegations are not extensively detailed, the Court is satisfied that the allegations are sufficient to plausibly state a § 1681i claim.").

### B.     15 U.S.C. § 1681e

Section 1681e states, in pertinent part: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

A plaintiff can "make out a prima facie violation under § 1681e(b)" by presenting "evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). But EWS "can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." *Id*.

EWS argues that Hebrank cannot demonstrate that EWS failed to follow reasonable procedures and assure maximum accuracy of the information. (Doc. 15 at 8.) Prior to notification of a dispute, EWS argues that it cannot be liable as a matter of law for reporting information it receives from a bank. (Doc. 21 at 7.) In support of its position, EWS cites two out-of-circuit cases which resolve the reasonableness issue on summary judgment. *See*

*Murphy v. Midland Credit Mgt., Inc.*, 456 F. Supp. 2d 1082, 1089 (E.D. Mo. 2006); *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004). "The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Guimond*, 45 F.3d at 1333. The Court finds that the reasonableness of the procedures cannot be resolved on a Motion to Dismiss.

### C. Objectively and Readily Verifiable Information

EWS argues that Hebrank does not have actionable FCRA claims because the allegedly inaccurate information about fraud and abuse involves a legal determination of Hebrank's intent and is not "objectively and readily verifiable." (Doc. 15 at 9-12.) Hebrank maintains that the information involves factual matters: whether Regions Bank accused her of fraud or abuse, whether she even used the Regions Bank account in 2023, and whether she maintained two Regions Bank accounts. (Doc. 20 at 12-15.)

EWS has not provided sufficient support for the notion that these matters require pure legal determinations. Rather, the FCRA's accuracy standard applies to information which is considered "factual" if it is objectively and readily verifiable. *See Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024); *Chaitoff v. Experian Info. Sols.*, 79 F.4th 800, 809 (7th Cir. 2023); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 271 (2d Cir. 2023). The matters which Hebrank raises concern about are objectively and readily verifiable.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying EWS's Motion to Dismiss. (Doc. 15.)

**IT IS FURTHER ORDERED** vacating the Order setting oral argument for May 20, 2025. (Doc. 24.)

.

.

.

.

1   **IT IS FINALLY ORDERED** that a Rule 16 scheduling conference will be set by
2 separate order.
3   Dated this 18th day of April, 2025.

>   Michael T. Liburdi
>   United States District Judge